UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ELDEN WHITE, | No. C 08-3781 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| DR. JOHN KASAWA, primary care physician; et. al, | |
| Defendants. | |

## INTRODUCTION

Christopher E. White, currently an inmate at Salinas Valley State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

In his complaint, White alleges that he is an insulin-dependent diabetic and suffers from a painful nerve condition. He names Dr. John Kasawa, Primary Care Physician; Dr. Charles Lee, Chief Medical Officer; and T.J. Carnes, Registered Nurse, as defendants.

White alleges that Dr. Kasawa stopped the insulin and reduced the pain medications that had been ordered for White. When White complained about the reduction of the pain medication, Dr. White "crushed and floated" the medications, Complaint, p. 4. (The complaint does not explain, but attachments to it suggest that this is a reference to requiring the inmate to take medicines dissolved in water rather than in pill form to prevent hoarding and abuse.) Dr.

1 Kasawa also delayed in following up on White's request for a cardiac consult; and failed to
2 monitor him as required under the "Plata plan."

3 White alleges that nurse Carnes failed to place White on a doctor's line (i.e., failed to set
4 an appointment for him) after hearing White's complaints of pain, cardiac problems, and elevated
5 blood sugars.

6 White alleges that Dr. Lee, who allegedly was responsible for supervising prison medical
7 staff and enforcing medical policy, failed to properly supervise Dr. Kasawa and nurse Carnes,
8 failed to address White's administrative grievances complaining about their treatment of him,
9 and failed to approve White's request for a cardiac consult.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The Eighth Amendment's prohibition on cruel and unusual punishment covers not only the use of force on prisoners but also sets a minimum level for prison conditions, i.e., they may not be so bad that they amount to cruel and unusual punishment. Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986).

2

A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059.

The complaint states a cognizable claim for relief for an Eighth Amendment violation against Dr. Kasawa, Dr. Lee, and Nurse Carnes. The complaint alleges they were aware of White's medical conditions, yet denied him medical treatment or disregarded his requests for medical treatment.

White alleges that he did not receive the medical monitoring to which he was entitled under the rulings in Plata v. Schwarzenegger, No. C 01-1351 TEH, a class action concerning medical care in California's prisons. Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is a pending class action suit involving the same subject matter. McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991); Gillespie v. Crawford, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc). "Individual members of the class and other prisoners may assert any equitable or declaratory claims they have, but they must do so by urging further actions through the class representative and attorney, including contempt proceedings, or by intervention in the class action." Id. The injunctive relief requests therefore are dismissed. If White wants to complain about a perceived failure to comply with the order in Plata, he may contact the plaintiff's class counsel in Plata.[1]

## CONCLUSION

For the foregoing reasons,

1. The complaint states a claim for relief under 42 U.S.C. § 1983 against defendants Kasawa, Lee, and Carnes for an Eighth Amendment violation for deliberate indifference to serious medical needs.

---

[1] Counsel for the plaintiff class in Plata is Donald H. Specter at the Prison Law Office, General Delivery, San Quentin, CA 94964.

3

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in the case file upon defendants, all of whom allegedly work at Salinas Valley State Prison in Soledad, California: (1) Dr. John Kasawa, (2) Dr. Charles Lee, and (3) registered nurse T.J. Carnes.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **May 22, 2009**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **June 26, 2009**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

    c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **July 17, 2009**.

4. All communications by plaintiff with the court must be served on a defendant's

4

counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: February 26, 2009

_____
SUSAN ILLSTON
United States District Judge