UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ELDEN WHITE, | No. C 08-3781 SI (pr) |
| Plaintiff, | **ORDER STAYING DISCOVERY AND EXTENDING DEADLINES** |
| v. | |
| DR. JOHN KASAWA, primary care physician; et. al, | |
| Defendants. | |

In this pro se prisoner's civil rights action, plaintiff complains that defendants were deliberately indifferent to his serious medical needs. Defendants filed a motion for summary judgment in which they argued, among other things, that they were entitled to qualified immunity. Plaintiff then moved for a Rule 56(f) continuance of the motion for summary judgment so he could do additional discovery. Defendants then moved for a stay of discovery.

A.  The Summary Judgment Motion Will Not Be Continued For Discovery

Under limited circumstances, consideration of a summary judgment motion may be delayed so that a non-movant may gather evidence for his opposition. The court may deny or continue a motion to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(f). The party requesting the continuance must "identify by affidavit the specific facts that further discovery

would reveal, and explain why those facts would preclude summary judgment." Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006).

A denial or continuance of the motion for summary judgment is not appropriate here because plaintiff does not make the requisite showing. Plaintiff does not identify a particular document or piece of evidence that is essential to his opposition but instead wants discovery in hopes of finding something that might help him ward off summary judgment. His several purported discovery needs are now considered.

Plaintiff states he wants to do discovery "regarding the unamed (sic) doctor mentioned in the defendant's declaration." Motion For Extension Of Time Pursuant To Rule 56(f), p. 2. The "unnamed doctor" in the declaration apparently is the cardiologist, but his identity is hardly a secret as he is identified as Dr. David Puro in the cardiologist's report attached to the declaration. See Kasawa Decl., ¶ 23 and Exh. A at 49-50. Plaintiff does not describe the specific facts that further discovery regarding Dr. Puro would reveal and how that would preclude summary judgment.

Plaintiff also states that he needs discovery of "statements made regarding the actions of the treating nurse practitioner (Bey) and certain orders she made." Motion For Extension Of Time Pursuant To Rule 56(f), p. 4. Nurse practitioner Bey is not a defendant in this action and plaintiff already has his medical records. Plaintiff does not describe the specific facts that further discovery in this area would reveal and how that would preclude summary judgment.

Plaintiff next states that he needs to do further discovery to refute the allegation that he was a non-insulin dependent diabetic when he arrived at Salinas Valley State Prison. Id. at 5. He does not explain why it matters whether he was insulin-dependent or non-insulin-dependent diabetic but if the difference matters, plaintiff is out of custody and should be able to obtain information about whether he is insulin-dependent or non-insulin-dependent from a medical care provider who currently cares for his diabetes-related problems or from a medical care provider who cared for the problems before he went to prison. Additionally, plaintiff appears to disbelieve defendants' assertion that he had "hypoglycemia and that this is the reason for the plaintiff being cut off of insulin and placed on oral medication," and argues that defendants "fail

2

to provide any discoverable evidence to support his claim." Id. at 5. This argument is unpersuasive. Dr. Kasawa's declaration explains that medicines were adjusted in response to plaintiff's blood glucose readings. Plaintiff's insulin was reduced and then eliminated, and oral medicines for diabetes were adjusted in response to low blood sugar readings at certain times. See Kasawa Decl., ¶¶ 3-16. Dr. Kasawa's declaration explains that in addition to contending with low blood sugar readings at certain times, the medical staff was also addressing the high blood sugar readings that plaintiff was experiencing at other times by also adjusting the medicines. The medical records attached to Dr. Kasawa's declaration show numerous blood sugar readings, numerous mentions of hypoglycemia, and numerous adjustments of various diabetes medicines. Plaintiff is wrong in his contention that he has not been provided any discoverable evidence to support the defendants' position vis-a-vis his insulin and other diabetic medications: he has been provided with Kasawa's declarations and his own medical records. Plaintiff will need to produce evidence to overcome defendants' showing that there were sound medical reasons for the decisions they made, but that evidence does not have to come from defendants. Plaintiff could, for example, find his own expert to explain why the defendants' course of action was medically unacceptable.

Plaintiff also contends that he has not received all of his requested discovery material from defendant Carnes, but does not identify what particular discovery is outstanding and how that discovery would enable him to avoid summary judgment being granted in defendants' favor.

Plaintiff contends that, as to Dr. Lee, "more discovery is need[ed] as to those policy and procedures within the (CDCR)." Plaintiffs' Motion For An Extension Of Time Pursuant To Rule 56(f), White Decl., p. 2. However, plaintiff admitted elsewhere that he has already received in discovery the Chronic Care Program policy guidelines, Chapter 1; diabetes mellitus chronic care program chapter 3; and several portions of the Salinas Valley State Prison operational procedure manual. See Plaintiff's Opposition To Defendants' Motion For Stay Of Discovery, pp. 5-6. Plaintiff does not describe the specific facts that further discovery in this area would reveal and how that would preclude summary judgment.

Plaintiff has not shown that a continuance should be granted because he has not shown

that evidence exists that will (not merely might) enable him to present facts essential to justify his opposition to summary judgment. See Tatum, 441 F.3d at 1100; Chance v. Pac-Tel Teletract, Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001). Although there is authority for the proposition that Rule 56(f) motions should be granted "fairly freely" when the summary judgment motion is made early in the case, Burlington Northern Santa Fe Railroad Co. v. Assiniboine and Sioux Tribes Of the Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003), that case did not involve a qualified immunity question, and therefore did not consider the special rule regarding stays of discovery pending resolution of the qualified immunity question. Requiring discovery which has only the possibility of eventually leading to evidence that might enable plaintiff to avoid summary judgment would undermine the purpose of qualified immunity, which provides "immunity from suit rather than a mere defense to liability; . . . it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Additionally, plaintiff has received some discovery, e.g., interrogatory responses and copies of his medical records, and he was not precluded by defendants from retaining his own expert. The court stresses that this is not a case where a stay stands between plaintiff and known helpful evidence; instead, this is a case where plaintiff wants to engage in routine discovery that may or may not lead to helpful evidence. For all these reasons, the Rule 56(f) motion is DENIED. (Docket # 20.)

B.  Discovery Is Stayed

Defendants have moved to stay discovery pending a ruling on their motion for summary judgment that raises the qualified immunity defense. Plaintiff has opposed the motion. The U.S. Supreme Court has made it abundantly clear that a district court should stay discovery until the threshold question of qualified immunity is settled. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The motion to stay discovery is GRANTED. (Docket # 21.) All discovery is stayed until the court rules on the motion for summary judgment.

C. <u>New Deadlines</u>

In light of the stay of discovery and denial of plaintiff's Rule 56(f) motion, plaintiff now should understand that he will not receive any more discovery before he must file his opposition to the motion for summary judgment. The court sets the following new deadlines for briefing on defendants' motion for summary judgment.

    1. Plaintiff must file and serve on defense counsel his opposition to the motion for summary judgment no later than **March 1, 2010**. No extension of time will be permitted on this deadline because plaintiff will have had more than six months to consider defendants' motion by the time his newly extended deadline arrives. Plaintiff also is reminded that, because he is now out of custody, the prisoner mailbox rule does not apply to him; his filings must arrive at the courthouse (not merely be given to prison officials) by the deadline.

    2. Defendants must file and serve their reply brief (if any) in support of their motion no later than **March 15, 2010**.

IT IS SO ORDERED.

Dated: January 27, 2010

                                               _____
                                               SUSAN ILLSTON
                                               United States District Judge